2009R01181
AJM/gr

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff,*<br><br>v.<br><br>GARY CROSS, JR.<br><br>*Defendant.* | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br><br>Criminal No. 11-80 (SDW)<br><br>CONSENT JUDGMENT AND<br>PRELIMINARY ORDER OF<br>FORFEITURE |

**WHEREAS**, on August 29, 2011, the United States filed a Superseding Indictment, Criminal No. 11-80 (SDW), against Gary Cross, Jr. (hereinafter "defendant") which charges him with, among other things, knowingly and intentionally conspiring to distribute and possess with intent to distribute oxycodone, a Schedule II controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846; and

**WHEREAS**, on October 3, 2011, the defendant pled guilty to Count 1 of the Superseding Indictment; and

**WHEREAS**, pursuant to 21 U.S.C. § 853, a person convicted of an offense in violation of 21 U.S.C. § 846 shall forfeit to the United States any property constituting or derived from proceeds the defendant obtained directly or indirectly as the result of an offense, and represent property used, or

intended to be used, in any manner or part, to commit, or to facilitate the commission of an offense; and

**WHEREAS**, by virtue of the above, the United States is now entitled to possession of one black 2007 Acura RDX, VIN: 5J8TB18557A011899 (the "Forfeitable Property"); and

**WHEREAS** the defendant acknowledges that the Forfeitable Property constitutes or is derived from proceeds the defendant obtained directly or indirectly as the result of the offense, and represents property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of an offense in violation of 21 U.S.C. § 846 as set forth in the Superseding Indictment, and that the Forfeitable Property is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 853; and

**WHEREAS** the defendant agrees to forfeit the Forfeitable Property, waives all interests in and claims to the Forfeitable Property, and hereby consents to the forfeiture of the Forfeitable Property to the United States; and

**WHEREAS** the defendant:

    (1)    Agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the Forfeitable Property;

    (2)    Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging

instrument, announcement of the forfeiture in his presence at sentencing, and incorporation of the forfeiture in the Judgment;

(3) Acknowledges that he understands that forfeiture of the Forfeitable Property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(4) Will, pursuant to Rule 32.2(b)(3), promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so;

(5) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the Forfeitable Property described above;

(6) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this consent judgment;

(7) Agrees to cooperate in resolving third-party claims in favor of the United States,

and for good and sufficient cause shown;

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT** the herein described asset, namely one black 2007 Acura RDX, VIN: 5J8TB18557A011899 is hereby forfeited to the United States of America

pursuant to the provisions of 21 U.S.C. § 853 and in accordance with Rule 32.2(a) for a violation of 21 U.S.C. § 846; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the Forfeitable Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in any of the above-listed property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT**, the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the

Forfeitable Property, as a substitute for published notice as to those persons so notified; and

**THAT**, the aforementioned Forfeitable Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Forfeitable Property by the United States; and

**THAT**, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant Gary Cross, Jr., up to the value of the property described above, if the Forfeitable Property or any portion thereof, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; and

**THAT**, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

**ORDERED** this 27th day of February, 2012.

/s/ Susan D. Wigenton
Honorable Susan D. Wigenton
United States District Judge

The undersigned hereby
consent to the entry and
form of this order:

PAUL J. FISHMAN
United States Attorney

_____    Dated: 2/25/12
By: ANTHONY J. MAHAJAN
Assistant United States Attorney

_____    Dated: 12/13/12
JOSEPH D. ROTELLA, ESQ.
Attorney for Defendant Gary Cross, Jr.

_____    Dated: 2/13/12
Defendant Gary Cross, Jr.